**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Daniel L. Rittner, Sr., | : | Case No. 3:05 CV 07118 |
| Plaintiff, | : | |
| v. | : | |
| Jessie Williams, Warden, Allen Correctional Institution, et al., | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

The parties to this prisoner civil rights case, filed pursuant to 42 U. S. C. § 1983, have consented to have the undersigned Magistrate render final judgment. Pending are Defendants' Motions to Dismiss (Docket Nos. 10, 24) and Plaintiff's Opposition (Docket No. 31). Plaintiff has also filed the following pleadings: a Motion to File Reduced Copies (Docket No. 38); Motion to Seal (Docket No. 39); Motion for Writ of Habeas Corpus Ad Testificandum (Docket No. 40); Motion for Reconsideration (Docket No. 42), Motions for Orders to Show Cause (Docket Nos. 43, 44, 45, 46, 49), Motion for Protective Order (Docket No. 48), Motion to Inquire (Docket No. 50); Motion to Consider Complaints Exhausted (Docket No. 51); Motion for Order/Notice of Injury/Objection (Docket No 52); Motion for Leave to File Limited Proof of Exhaustion (Docket No. 55), and Motion for Temporary Restraining Order (Docket No. 57).

For the reasons that follow, Defendants' Motion to Dismiss is Granted and the remaining motions are denied as moot.

## FACTUAL/PROCEDURAL BACKGROUND

Plaintiff, Daniel L. Rittner, Sr., is an inmate at Allen Correctional Institution (ACI) (Docket No. 1, ¶ II). Defendant (first name unknown) Moore is an inspector at ACI (Docket No. 1, ¶ III C). Defendant Jodie Factor, is the Deputy Warden of Operations (Docket No. 1, ¶ D). Defendant (first name unknown) Marroqin is the Unit Manager for Unit 3B in ACI (Docket No.1, ¶ III E). Defendant Jessie Williams is the Warden at ACI and Defendant Reginald Wilkinson is the Director of the Ohio Department of Rehabilitation and Corrections (ODRC) (Docket No. 1, ¶s III B & F).

In *State ex. rel. Rittner v. Dennis*, 2004 WL 2390032, * 1, (October 15, 2004), the Court of Appeals for the Sixth Appellate District made the following findings of relevant facts. Plaintiff pled guilty to the crime of rape in 1993, and was sentenced to two concurrent sentences of six to 25 years, with six years of actual incarceration. On October 3, 2002, Plaintiff filed a motion to withdraw his guilty plea pursuant to CRIM. R. 32.1 on the basis that his plea was involuntary because he was mentally incompetent at the time it was entered. On November 20, 2002, the trial court found that Plaintiff's motion was not timely filed, and denied it without a hearing.

On September 30, 2003, the Sixth District Court of Appeals filed an opinion and judgment entry in which it found that the trial court erred by summarily denying the motion to withdraw his guilty plea without addressing the merits. The case was remanded for further proceedings. The Sixth District Court of Appeals found that the trial court retained jurisdiction over Plaintiff at the time of his conviction; consequently, Plaintiff's original conviction remained in effect until the trial court determined, on remand, that the Plaintiff was entitled to withdraw his plea. The petition for writ of habeas corpus was

denied as Plaintiff failed to satisfy the statutory requirements for issuing a writ of habeas corpus.

On remand, Plaintiff was ordered to undergo a month-long psychological examination. During the pendency of such examination, Plaintiff filed motions to dismiss and for bail, both of which the trial court denied on May 13, 2004 on the basis that they were prematurely filed. The court continued all matters pending, *inter alia*, the results from the psychological evaluation. On September 15, 2004, Plaintiff filed a petition in the Sixth Appellate District Court asserting that he had been unlawfully deprived of his liberty because the trial court had no jurisdiction over his claims pending a hearing on the motion to withdraw his plea and he had been unlawfully denied bail. The Sixth Appellate District Court determined that the trial court retained original jurisdiction; therefore, the writ was denied.

Plaintiff filed an appeal but failed to file a timely merit brief in the Supreme Court of Ohio. The Supreme Court dismissed the case *sua sponte*. In the meantime, the trial court's judgment was affirmed by the Sixth Appellate District Court. *See State v. Rittner,* 2005 WL 3338009 (December 9, 2005).

Plaintiff wrote to Defendant Williams on January 17, 2005 seeking permission to carry a negative balance so that he would have funds to copy his brief and mail the brief and copies to the Supreme Court. Defendant Williams denied his request on January 18, 2005 (Docket No. 1, Attachment, p. 3). Plaintiff filed a grievance on January 29, 2005 alleging that ACI had failed to advance him sufficient funds to copy his merit brief and mail it to the Supreme Court (Docket No. 1, Notification of Grievance). The grievance was dismissed on February 14, 2005 (Docket No. 1, Decision of the Chief Inspector on a Grievance). Plaintiff now seeks judicial review of ACI's decision dismissing his grievance (Docket No. 1). Pursuant to FED. R. CIV. P. 12(b)(6), Defendants seek to dismiss Plaintiff's complaint on the basis that Plaintiff failed to exhaust administrative remedies.

**STANDARD FOR MOTION TO DISMISS**

A motion to dismiss a complaint for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 78 S. Ct. 99, 101-102 (1957); *Hospital Building Company v. Trustees of Rex Hospital*, 96 S. Ct. 1848, 1853 (1976). *See also*, *Hishon v. King & Spalding*, 104 S. Ct. 2229, 2232 (1984); *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994) *cert. denied* 114 S. Ct. 2137 (1994).

A Rule 12(b) motion tests whether the complaint adequately states a claim and whether the notice requirements of Rule 8(a) calling for a "short and plain statement of the claim" have been satisfied. *Id.* In making this determination, the court must accept as true all factual allegations in the complaint. *Scheuer v. Rhodes*, 94 S. Ct. 1683, 1686 (1974); *Leatherman v. Tarrant County Narcotics Unit*, 113 S. Ct. 1160, 1161 (1993); *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). The court's inquiry is a limited one and even though it appears on the face of the pleadings that a recovery is very remote and unlikely "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Scheuer*, 94 S. Ct. at 1686; *Conley v. Gibson*, 78 S. Ct. at 101-102.

Motions filed pursuant to Rule 12(b)(6) allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Nishiyama v. Dickson County, Tennessee*, 814 F.2d at 279. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993) (*citing Conley*, 78 S. Ct. at 101-102).

## **DISCUSSION**

In his amended complaint, Plaintiff alleges that (1) there is no policy/procedure for filing a grievance against the director of ODRC; (2) the institution's policy disallowing the extension of credit to inmates deprives him of meaningful access to the court; (3) Defendants retaliated against him for pursuing his appellate rights; (4) Brook Featheringham, the ADA coordinator, must be added as a party defendant; and (5) he has been deprived of a nonsmoking cell assignment.

Defendants seek dismissal of the Plaintiff's claims on the basis that he failed to exhaust administrative remedies, that Defendants Moore and Jorgensen-Martinez be dismissed as parties since their only role in this proceeding was to address the grievance; and that pursuant to 42 U. S.C. § 1983 Defendant Wilkinson cannot be held vicariously liable for the acts of his employees.

Pursuant to 42 U. S. C. § 1997e(a), a prisoner must exhaust all available administrative remedies prior to bringing a Section 1983 action with respect to prison conditions, even if the state administrative process does not allow the specific type of relief sought by the prisoner. *Harbin-Bey v. Rutter*, 420 F. 3d 571, 580 (6th Cir. 2005) (*citing Porter v. Nussle*, 122 S. Ct. 983, 988 (2002)). This exhaustion requirement is mandatory and must be enforced by the courts *sua sponte*. *Id.* (*citing Brown v. Toombs,* 139 F. 3d 1102, 1104 (6th Cir. 1998)).

In the Sixth Circuit, total exhaustion is required under the Prison Litigation Reform Act (PLRA). *Jones Bey v. Johnson*, 407 F. 3d 801, 806 (6th Cir. 2005). In the PLRA context, a total exhaustion rule encourages prisoners to make full use of inmate grievance procedures and thus give prison staff the opportunity to resolve prisoner complaints. *Id.* (*citing Ross v. County of Bernalillo* 365 F.3d 1181, 1190 (10th Cir. 2004)). When the courts dismiss the actions without prejudice, prisons have the opportunity to fully resolve the complaint. *Id.* If the complaint cannot be resolved within the prison, the prisoner could file an action in court with a complete "administrative record that would ultimately assist federal

5

courts in addressing the prisoner's claims." *Id*. (*see also Rivera v. Whitman*, 161 F. Supp.2d 337, 341-42 (D.N.J. 2001)).

The prisoner must allege and demonstrate that he or she has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his or her grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), *cert. denied*, 121 S. Ct. 634 (2000); *Wyatt v. Leonard*, 193 F. 3d 876, 878 (6th Cir. 1999). In exhausting administrative remedies, the prisoner must specifically mention the allegedly offending parties so that the prison has the opportunity to address the claims before they reach federal court. *Harbin-Bey*, *supra*, (*citing Curry v. Scott*, 249 F. 3d 493, 505 (6th Cir. 2001).

Ohio's grievance procedure permits an inmate to challenge "any aspect of institutional life." OHIO ADMIN. CODE § 5120-9-31(B) (Thomson/West 2005). The procedure is available for an inmate complaining about policies, procedures, conditions of confinement and actions of the institutional staff. *Carrion v. Wilkinson*, 309 F. Supp. 2d 1007, 1012 (N. D. Ohio 2004) (*citing* OHIO ADMIN. CODE § 5120-9-31 (Thomson/West 2005)). The exhaustion requirement in Ohio comprises three consecutive steps. OHIO ADMIN. CODE § 5120-9-31 (Thomson/West 2005). First, the inmate shall file an informal complaint to the direct supervisor of the staff member or department most directly responsible for the particular subject matter of the complaint. OHIO ADMIN. CODE § 5120-9-31(J)(1) (Thomson/West 2005). Second, the inmate may obtain a "notification of grievance" form to be filed and considered by the inspector of institutional services. OHIO ADMIN. CODE § 5120-9-31(J)(2) (Thomson/West 2005). Third, an appeal of an adverse ruling by the chief inspector of institutional services must be filed with the office of the chief inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3) (Thomson/West 2005). Any alleged or

threatened retaliation may be pursued through the inmate grievance procedure. OHIO ADMIN. CODE § 5120-9-31(H) (Thomson/West 2005).

*Policy for Grievance against the Director*

Plaintiff's claims against Defendant Wilkinson are construed as follows. First, the failure to provide a policy for filing a claim against the Director of the Ohio Department of Rehabilitation and Corrections is meant to preclude the filing of a claim against the director pursuant to Section 1983. Second, Defendant Wilkinson is liable for acts that impede meaningful access to the court.

The Magistrate finds that Plaintiff's claims are not well taken. The grievance procedure addresses policy and procedures. It must be utilized before claims against Defendant Wilkinson can be addressed by this Court. Plaintiff failed to demonstrate that he employed the grievance procedure

Even if Plaintiff had pursued the grievance process on this issue, he has failed to state a claim against Defendant Wilkinson. Plaintiff seeks to essentially impose liability on Defendant Wilkinson in his supervisory capacity for the actions of his employees. Plaintiff does not allege that he encouraged, condoned or actively participated in any of the alleged failures of his staff. It is well settled that Section 1983 liability will not be imposed solely on the basis of respondeat superior. *Monell v. Department of Social Services*, 98 S. Ct. 2018, 2036 (1978); *Taylor v. Michigan Department of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995). Liability must be based upon active unconstitutional behavior and cannot be based on a mere failure to act. *Shehee v. Luttrell*, 199 F. 3d 295, 300 (6th Cir. 1999) *cert. denied*, 120 S. Ct. 2724 (2000). Thus, Plaintiff's suggestion that Defendant Wilkinson failed to administer a grievance or failed to remedy an alleged unconstitutional act, does not rise to the level of behavior sufficient to support a claim under Section 1983. The Magistrate finds that Plaintiff has failed to state a claim against Defendant Wilkinson.

*Deprivation of Access to the Courts*

Plaintiff pursued a grievance regarding Defendants' failure to advance funds (Docket No. 1, Grievance No. C1-05-050). Specifically, he contends that the institution's policy denying inmate advances in their accounts for purposes of paying filing fees, deprives inmates of access to the courts.

States have the affirmative obligation of assuring that all prisoners have meaningful access to the courts. *Bounds v. Smith*, 97 S. Ct. 1491, 1496 (1977). It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them. *Id.* at 1496. States must forgo collection of docket fees otherwise payable to the treasury and expend funds for transcripts. *Id.* State expenditures are necessary to pay lawyers for indigent defendants at trial, *Id.* (*citing Gideon v. Wainwright*, 83 S. Ct. 792 (1963); *Argersinger v. Hamlin*, 92 S. Ct. 2006 (1972)), and in appeals as of right. *Id.* (citation omitted). However, payment of litigation expenses is part of the prisoner's responsibility. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

The right of access to the courts prohibits prison officials from "actively interfering with inmates' attempts to prepare legal documents, or file them." *Lewis v. Casey*, 116 S. Ct. 2174, 2179 (1996). In order to establish liability pursuant to Section 1983, the plaintiff must prove that the defendants are personally responsible for the alleged unconstitutional actions that caused his or her injury. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) *cert. denied* 105 S. Ct. 154 (1984).

Plaintiff's failure to have sufficient funds to expend for the filing fee was not the result of any action of the Defendants. Considering that Plaintiff is responsible for management of his account, he can prove no set of facts in support of his claim that Defendants were personally involved in any deprivation

8

of access to the court.

*Retaliation*

Plaintiff has not met the burden of demonstrating that he exhausted all of his available administrative remedies with respect to his claims of retaliation. In his amended complaint and supplements to the amended complaint, (Docket No. 59), Plaintiff attached copies of grievances addressed by the office of the chief inspector. He failed, however, to attach evidence that he pursued grievances regarding retaliation. Accordingly, his claim of retaliation is not ripe for adjudication by this Court.

*Failure to Provide ADA Accommodations*

Plaintiff seeks an order adding as a party, Brook Featheringham in her individual capacity. Ms. Featheringham is the ADA coordinator at ACI. According to Plaintiff, she failed to provide accommodations to which he is entitled under ADA.

Apparently, Plaintiff filed a grievance against institutional staff for failure to accommodate his disabilities (Docket No. 59, Grievance No. 0505005). However, in exhausting administrative remedies, Plaintiff failed to mention the allegedly offending party, Ms. Featheringham, so that the prison had the opportunity to address the claims before they reached this Court. The Magistrate cannot find, based upon the evidence provided, that Plaintiff exhausted his remedies with respect to his claim against Brook Featheringham.

*Placement in a Smoke-Free Cell*

Plaintiff contends that he is residing in a cell with smokers. Such placement shows indifference to his medical condition. Plaintiff has pursued a grievance by filing a notification of a grievance with

the chief inspector (Docket No. 59, Grievance No. CI 05-264). Apparently, Plaintiff filed such grievance directly with the chief inspector, foregoing the requirement that a formal complaint be filed with the direct supervisor for possible resolution. Plaintiff has failed to convince this Court that he complied with the grievance provisions. Accordingly, this claim, too, is not ripe for consideration by the Court.

## **CONCLUSION**

Since Plaintiff has failed to completely exhaust administrative remedies, his Complaint and Amended Complaint must be dismissed without prejudice, in their entirety. Accordingly, Defendants' motions to dismiss (Docket Nos. 10 and 24) are granted and Plaintiff's Motion to File a Reduced Number of Copies (Docket No. 38), Motion to Seal (Docket No. 39), Motion for Writ of Habeas Corpus Ad Testificandum (Docket No. 40), Motion for Reconsideration (Docket No. 42), Motions for Order to Show Cause (Docket Nos. 43, 44, 45, 46, 49), Motion for Protection Order (Docket No. 48), Motion to Inquire (Docket No. 50), Motion to Consider Complaints Exhausted (Docket No. 51), Motion for Order (Docket No. 52), Motion for Leave to File Limited Proof of Exhaustion (Docket No. 55) and Motion for Temporary Restraining Order (Docket No. 57) are denied as moot. In view of the granting of defendants' motions to dismiss, the court does not address motions 59 through 73 as they are moot.

**IT IS SO ORDERED**.

/s/Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge