**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Daniel L. Rittner, Sr., | : | Case No. 3:05 CV 07118 |
| Plaintiff, | : | |
| v. | : | |
| Jessie Williams, Warden, Allen Correctional Institution, et al., | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

The parties to this prisoner civil rights case, filed pursuant to 42 U. S. C. § 1983, have consented to have the undersigned Magistrate render final judgment. Pending are Plaintiff's unopposed Motions for Relief from Judgment (Docket Nos. 81 & 83) and his unopposed Motion for Extension of Time (Docket No. 82). For the reasons that follow, all of Plaintiff's Motions are denied.

**FACTUAL/PROCEDURAL BACKGROUND**

A more detailed recitation of the facts is provided in the Court's Memorandum Decision and Judgment filed on December 21, 2005. Briefly stated, Plaintiff pled guilty to the crime of rape in 1993, and was sentenced to two concurrent sentences of six to 25 years, with six years of actual

incarceration. At the time he filed this case, Plaintiff was an inmate at Allen Correctional Institution (ACI).

Alleging that he was incompetent at the time he entered his plea, Plaintiff filed a motion to withdraw his guilty plea on October 3, 2002. On November 20, 2002, the trial court found that Plaintiff's motion was not timely filed, and summarily denied the motion. On September 30, 2003, the Sixth District Court of Appeals remanded the case on the basis that the trial court had denied the motion to withdraw his guilty plea without addressing the merits. However, Plaintiff's original conviction remained in effect until the trial court determined whether Plaintiff was entitled to withdraw his plea.

While undergoing a month-long psychological examination, Plaintiff's requests for bail and dismissal of the case were denied as prematurely filed. All matters were continued pending the results of the psychological evaluation. The Sixth Appellate District Court denied Plaintiff's writ of habeas corpus. The Supreme Court dismissed Plaintiff's notice of appeal *sua sponte.*

In the meantime, the trial court conducted a hearing on Plaintiff's motion to withdraw his plea and for a new trial. The court rejected his arguments that he was incompetent and denied his motion to withdraw and for a new trial. The judgment was affirmed by the Sixth Appellate District Court. *State v. Rittner*, 2005 WL 3338009 (December 9, 2005).

On January 18, 2005, Defendant denied Plaintiff's request to overdraw his account and to carry a negative balance so that he could seek relief in the Ohio Supreme Court. He filed a grievance on January 29, 2005, which was dismissed on February 14, 2005. Plaintiff filed a case in this Court seeking judicial review of ACI's decision dismissing his grievance. This Court granted Defendant's Motion to Dismiss because Plaintiff, *inter alia*, failed to exhaust administrative

remedies. Plaintiff seeks relief from this Court's judgment entered on December 21, 2005 under FED. R. CIV. P. 60(b).

## STANDARD FOR RELIEF FROM JUDGMENT

A motion for relief from judgment is governed by FED. R. CIV. P. 60(b), which provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) any other reason justifying relief from the operation of the judgment.

*Hayes v. Haviland,* 2007 WL 782163, *1 (S. D. Ohio 2007).

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. *Id.* A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. *Id.* This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. *Id.*

## ANALYSIS

Plaintiff's Motion and Amended Motion for Relief From Judgment were clearly filed pursuant to FED. R. CIV. P. 60(b)(1) and 60(b)(2). He claims that the court erred in rendering its judgment and that there is newly established evidence that inmates need not completely exhaust

3

administrative remedies prior to seeking judicial review. In either case, Plaintiff failed to bring the motion within a year of entry of judgment. The entry of judgment in this case was journalized on December 21, 2005. Plaintiff did not seek relief until May 3, 2007.

In the Motion for Extension of Time, Plaintiff seeks an order granting him leave to file a delayed appeal. The Magistrate considers this request as a request for an extension of time to perfect an appeal in the Sixth Circuit Court of Appeals from the Memorandum Decision and Judgment entered on December 21, 2005, or in the alternative, a motion for leave to file an appeal.

Upon a finding of excusable neglect or good cause for delay, the district court may--before or after the time has expired, with or without motion and notice, extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b). FED. R. APP. P. 4 (Thomson/West 2008). In effect, the aggrieved party may have up to forty days from the entry of judgment or the filing of the government's notice of appeal to file a notice of appeal. FED. R. APP. P. 4 (Thomson/West 2008).

Pursuant to FED. R. APP. P. 26(b)(1), the court may, for good cause, extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires. However, the court may not extend the time to file a notice of appeal (except as authorized in Rule 4, the procedure for assigning the motion to a specific judge in district court) or a petition for permission to appeal. FED. R. APP. P. 26(b) (1) (Thomson/West 2008).

Even if the Magistrate finds that Plaintiff has good cause for waiting approximately one and a half years to pursue his appeal as of right, his time to file a notice of appeal cannot be extended by the Court. If such time could be extended by the Court, awarding Petitioner thirty additional days to file an appeal would be futile since the fixed time for perfecting an appeal expired at best on or

about February 10, 2006.

## CONCLUSION

For these reasons, Plaintiff's Motions for Relief from Judgment (Docket Nos. 81 & 83) and Plaintiff's Motion for Extension of Time (Docket No. 82) are denied.

**IT IS SO ORDERED**.


/s/Vernelis K. Armstrong
United States Magistrate Judge


Date: March 7, 2008